# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
10/04/2017
CT Log Number 532047441

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores Texas, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kimani Tammy, Pltf. vs. Wal-Mart Stores Texas, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Interrogatories, Request(s) |
| **COURT/AGENCY:** | 438th Judicial District Court Bexar County, TX<br>Case # 2017CI17009 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/30/2017 - 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/04/2017 at 14:20 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Eduardo Javier Garza<br>Daspit Law Firm<br>440 Louisiana St., Suite 1400<br>Houston, TX 77002<br>713-588-0383 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/05/2017, Expected Purge Date: 10/10/2017<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT A

PRIVATE PROCESS

10-4-17

Case Number: 2017-CI-17009

2017CI17009 S00001

TAMMY KIMANI
VS.
WAL-MART STORES TEXAS LLC
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: WAL-MART STORES TEXAS LLC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY, a default judgment may be taken against you." Said PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY was filed on the 5th day of September, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 14TH DAY OF SEPTEMBER A.D., 2017.

JOHN A DASPIT
ATTORNEY FOR PLAINTIFF
440 LOUISIANA ST 1400
HOUSTON, TX 77002-1639



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Jacqueline Ibarra*, Deputy

---

TAMMY KIMANI
VS
WAL-MART STORES TEXAS LLC

**Officer's Return**

Case Number: 2017-CI-17009
Court: 438th Judicial District Court

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY on the date of delivery endorsed on it to_____; in person on the _____ day of _____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because
_____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant

ORIGINAL (DK002)

# EXHIBIT A

FILED
9/5/2017 1:28 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

CIT PPS SAC1

CAUSE NO. **2017CI17009**

| TAMMY KIMANI | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | **438** JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Tammy Kimani ("Plaintiff") complains of Defendant Wal-Mart Stores Texas, LLC ("Defendant") and would respectfully show that:

### Discovery Level

Plaintiff intends to conduct discovery under level 1.

### Jurisdiction & Venue

This case arises under the common law of Texas. This Court has jurisdiction over this controversy and venue is proper because all or a substantial portion of the events giving rise to this claim occurred in Bexar County, Texas.

### Statement Regarding Monetary Relief Sought

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.

Plaintiff further pleads that the amount in controversy does not exceed $75,000.00.

### Parties

Plaintiff is a resident citizen of Bexar County, Texas.

Defendant is a Delaware corporation and operating a business for profit in the State of Texas, at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213. Defendant may

1

be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## Background

On or about May 30, 2017, Plaintiff was an invitee at Defendant's property in Bexar County, Texas. Defendant owned the property where the incident occurred, store No. 5145, which is located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213. As Plaintiff entered the store, she slipped and fell on a slippery liquid substance.

At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

(a). Failure to maintain the premises, including the store entrance in a reasonably safe condition;

(b). Failure to inspect the premises where the dangerous condition existed;

(c). Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

(d). Failure to inform Plaintiff of the dangerous condition existing on the premises; and

(e). Other acts deemed negligent.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

Defendant was also negligent in that they failed to act as reasonably prudent premise owner would act in the same or similar situation.

### Damages

As a direct and proximate result of the above-described actions of Defendant, Plaintiff will show that she has suffered actual damages within the jurisdictional limits of this Court. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering and mental anguish;

c. Past and future physical impairment;

d. Past and future physical disfigurement;

e. Past lost wages and future loss of earning capacity.

### Jury Demand

Plaintiff hereby demands a trial by jury.

### Request for Disclosures

Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant disclose, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure

# EXHIBIT A

194.2(a)-(l). Plaintiff further requests disclosure of all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses pursuant to Rule 190(b)(6), Tex. R. Civ. P.

### Other Discovery

Plaintiff refers you to the attached Request for Admissions, Interrogatories and Request for Production and notifies you that a response is required within 50 days of service of these requests.

### Rule 193.7 Notice

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

For the reasons discussed herein, Plaintiff prays this court cite Defendant to appear and answer herein and that Plaintiff have judgment taken against Defendant, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, exemplary damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled including but not limited to:

- Past and future medical damages;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Costs of Court; and
- Whatever further relief the Court may deem justly appropriate.

# EXHIBIT A

*[Signature Block on Next Page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Eduardo J. Garza*
John Arthur Daspit
Texas State Bar No. 24048906
Eduardo Javier Garza
Texas State Bar No. 24099892
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| TAMMY KIMANI | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | _____ JUDICIAL DISTRICT |

**Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission, and Requests for Disclosure to Defendant**

TO: *Wal-Mart Stores Texas, LLC by and through their registered agent: CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.*

Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant respond to Plaintiff's interrogatories and produce for inspection and copying the documents and tangible things requested. Defendant shall file written responses to these requests within fifty (50) days after the date of service. Defendant shall provide the requested documents for inspection and copying at the law offices of Daspit Law Firm, 440 Louisiana St. Ste. 1400, Houston, Texas 77002.

## Definitions and Instructions

1. Under the Texas Rules of Civil Procedure, Defendant must amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

   (a) It knows that the answer was incorrect when made; or

   (b) It knows that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2. The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences,

1

# EXHIBIT A

memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

3. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy from any person or public or private entity having physical possession thereof.

4. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

5. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

6. This Document Request requires you to amend or supplement your production of documents.

7. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

8. Plaintiff requests that you provide the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide

such descriptions within fifteen days after service of your response, or responses, to these documents requests.

9. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

10. "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendants named in this lawsuit and/or any agent or representative of Defendants named in this lawsuit during all times relevant to this action.

11. The term "and/or," "or," and "and" are used inclusively, not exclusively.

12. The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

13. The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

14. The terms "evidencing" as used – herein shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

15. The term "Damages" shall mean all claims for relief alleged by Plaintiff in the latest Complaint.

16. The term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

17. All documents responsive to this request shall be produced in their original form. Documents originally in hard copy form shall be produced in that form. Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you. In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendants shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

# EXHIBIT A

    18.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

    19.    "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

    20.    **<u>If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.</u>**

# EXHIBIT A

### Interrogatories

1. Provide the identities and addresses for the owners and operators of Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213.

2. Please name all eyewitnesses to the events for the date of the injury for which this lawsuit was filed and provide the names, addresses, and telephone numbers if those witnesses are no longer employed by you.

3. If you have not been correctly named or served in or by the Plaintiff's Original Petition, state your correct legal name and the correct manner in which you can be designated as a party defendant and served with process in this action under the allegations set forth in Plaintiff's Original Petition.

4. Are there cameras that film the premises at Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213? If so, provide detailed locations of these cameras and what areas they are configured to film.

5. If you may or will contend that Plaintiff's damages were caused in whole or in part by third persons, please provide the name and address of these third persons and state factually how they caused Plaintiff's damages, in whole or in part.

6. If you may or will contend that Plaintiff was contributorily negligent, list all facts (not the thought processes or mental impressions of counsel) that support your defense.

7. Provide a detailed list of any changes you made to the property, appurtenances, or equipment after Plaintiff's incident.

8. If you may or will contend that Plaintiff failed to mitigate her damages, list all facts (not the thought processes or mental impressions of counsel) that support your defense.

9. Provide the names and contact information for all employees at the property when Plaintiff's incident occurred.

10. Identify any corrective action taken with regard to the area where Plaintiff was injured.

11. Explain why you did not attempt to warn Plaintiff about the danger posed by the slippery liquid substance near the entrance of the store.

12. Identify the time at which you first became aware of the slippery liquid substance near the entrance of the store.

# EXHIBIT A

## Requests for Production

1. Copy of any lease agreement for Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213.

2. Copy of documents evidencing ownership of Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213.

3. Copy of agreement for any management company to manage property at Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213.

4. Pictures of area where Plaintiff was injured.

5. Video footage depicting area where Plaintiff was injured.

6. Emails regarding the area of the store where Plaintiff was injured.

7. Copy of the property code, safety code, and/or building code to which the property at Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213 is built and maintained.

8. Safety manual covering the property where Plaintiff's incident occurred.

9. All documents related to any investigation conducted by you related to Plaintiff's injury, which occurred on or about May 30, 2017.

10. A copy of any and all injury reports prepared in relation to Plaintiff's incident.

11. All safety policies and/or procedures that would have governed the property on May 30, 2017.

12. Pictures taken in connection with Plaintiff's incident on May 30, 2017.

13. All witness statements taken in conjunction with Plaintiff's incident on May 30, 2017.

14. All documents concerning, referring to, or relating to any insurance and/or indemnity agreement between you and any other potential Defendant.

15. All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

16. A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

17. A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

18. A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

19. All transcripts of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

20. All transcripts of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

21. A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

22. All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's latest Petition.

23. All statements, whether written, recorded, transcribed, published or otherwise, and all notes of any such statements, relating to the claims asserted by Plaintiff in her latest Petition.

24. All correspondence between you and any other person concerning the claims asserted by Plaintiff in her latest Petition.

25. Copies of Plaintiff's medical records obtained by the Defendant in this litigation.

26. Copies of Plaintiff's employment records obtained by the Defendant in this litigation.

# EXHIBIT A

27. A list of all the persons that supervised, managed, and/or oversaw employees who were working in the area of the restaurant which Plaintiff was visiting while she was present at your place of business on or about May 30, 2017.

28. Copy of insurance policy that covers Plaintiff's injuries in this case. This includes all excess policies.

29. Copy of any surveillance you have conducted on Plaintiff.

30. Copy of any exhibit you intend to introduce at trial.

31. Copy of any demonstrative you intend to use at trial.

32. Copy of documents showing the number of employees who were working on the premises in question at the time of the accident.

33. Copy of any complaint, whether written or oral, you had received prior to the accident about the slippery liquid substance.

# EXHIBIT A

### Requests for Admissions

1. Admit that on or about May 30, 2017 Plaintiff was injured at Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213.

2. Admit that Plaintiff was at your property on May 30, 2017.

3. Admit that a slippery liquid substance on the floor creates a hazardous condition.

4. Admit that an unmarked slippery liquid substance on the floor creates a hazardous condition.

5. Admit that an unmarked slippery liquid substance on the floor near the entrance of the store creates a hazardous condition.

6. Admit that one or more persons witnessed the accident that injured Plaintiff on or about May 30, 2017.

7. Admit that on or about May 30, 2017, Plaintiff suffered an injury at your place of business.

8. Admit there was no sign or other means by which Plaintiff was warned about the slippery liquid substance near the entrance of the store.

9. Admit that Defendant was aware of the presence of the slippery liquid substance near the entrance of the store.

10. Admit the premises owner's failure to notify the Plaintiff and others of the slippery liquid substance created an unreasonable risk of harm to Plaintiff and others.

11. Admit you were negligent in causing Plaintiff's injuries.

12. Admit venue is proper.

13. Admit this is a convenient forum.

14. Admit you are business organized according to the laws of the State of Delaware.

15. Admit the Court has jurisdiction over you.

16. Admit that Plaintiff suffered bodily injuries proximately caused by your negligence.

17. Admit that Defendant is the owner of the premises in question.

# EXHIBIT A

18. Admit that you are the owner of Wal-Mart Store No. 5145, located at 1603 Vance Jackson Road, San Antonio, Bexar County, Texas 78213 which Plaintiff was visiting at the time of the accident.

19. Admit that you are properly named in Plaintiff's most recent Petition.

20. Admit that Plaintiff had no way of knowing of the slippery liquid substance near the entrance of the store.

# EXHIBIT A

## Requests for Disclosure

(a) The correct names of the parties to the lawsuit;

(b) The name, address, and telephone number of any potential parties;

(c) The legal theories and, in general, the factual basis of your claims or defenses;

(d) The amount and any method of calculating economic damages;

(e) The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) For any testifying expert

    (1) The expert's name, address, and telephone number;

    (2) The subject matter on which the expert will testify;

    (3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4) If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A) All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B) The expert's current resume and bibliography;

(g) Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h) Any discoverable settlement agreements described in Rule 192.3(g);

(i) Any witness statements described in Rule 192.3(h);

(j) All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

# EXHIBIT A

(k) All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l) The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

DASPIT LAW FIRM

/s/ Eduardo J. Garza
John Arthur Daspit
Texas State Bar No. 24048906
Eduardo Javier Garza
Texas State Bar No. 24099892
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**